1  MELINDA HAAG (CABN 132612)
   United States Attorney
2
   MIRANDA KANE (CABN 150630)
3  Chief, Criminal Division

4  W. DOUGLAS SPRAGUE (CABN 202121)
   HALLIE MITCHELL (CABN 210020)
5  Assistant United States Attorneys

6      450 Golden Gate Avenue, Box 36055
       San Francisco, California 94102
7      Telephone:  (415) 436-7200
       Facsimile:  (415) 436-7234
8
   Attorneys for Plaintiff
9
                               UNITED STATES DISTRICT COURT
10
                              NORTHERN DISTRICT OF CALIFORNIA
11
                                    SAN FRANCISCO DIVISION
12

13 UNITED STATES OF AMERICA,            )   No. CR 10-0547 CRB
                                        )
14         Plaintiff,                   )   **GOVERNMENT'S OBJECTION TO**
                                        )   **DEFENDANT'S MOTION FOR LEAVE**
15     v.                               )   **TO FILE A MOTION FOR**
                                        )   **RECONSIDERATION**
16 SAMUEL COHEN,                        )
       a/k/a Mouli Cohen,               )
17                                      )
           Defendant.                   )   Honorable Charles R. Breyer
18 _____)

19         Defense counsel blamed a need for another lengthy continuance of sentencing on the

20 government for not quickly enough providing a "definitive" response to a request for a

21 stipulation to release original trial exhibits, the Court Reporter for not quickly enough preparing

22 the trial transcripts, the Probation Officer for a draft PSR defendant does not like, and the Court

23 for not ruling quickly enough on a meritless motion for the release of original trial exhibits.

24 After the Court heard argument on that motion, received and reviewed briefing on that motion,

25 and ruled on that motion (all within two weeks), defense counsel baselessly accuses the Court of

26 "manifestly" failing to consider (1) material facts and (2) a "dispositive legal argument."  The

27 blame game needs to end, the motion for leave to file more attacks on the Court and the

28 government should be denied, and the case should proceed to sentencing.

   GOVT. OBJ. TO MOT. FOR LEAVE TO FILE MOT. FOR RECONSIDERATION;
   CR 10-0547 CRB

1    Defendant's first claim is that the Court's Order does not cite any trial testimony
2 supporting the conclusion that "Mr. Dillon identified the signatures on the exhibits as his own"
3 and that "the record is bereft of support" for such a conclusion. (Def. Mot. at 2.)  First, the Court
4 is not required to cite examples supporting its ruling.  The Court stated that it had "carefully
5 reviewed the parties' submissions on this matter, in particular the trial transcripts." (Dkt. 357.)
6 Second, contrary to defendant's allegations, the record is not bereft of support for the Court's
7 ruling.  For example, when discussing Exhibit 531A during cross-examination, Mr. Dillon
8 testified as follows:

    Q.    Does that appear to be your signature?
    A.    It appears to be.

(Tr. 875.)  Another example appears when discussing Exhibit 532A:

    Q.    Sir, if you can take a look at the signature page on 532A.  Is that your signature?
    A.    It appears to be, yes.

(Tr. 882.)  Another example appears when discussing Exhibit 537A:

    Q.    Mr. Dillon, 537A is a document entitled "Release Agreement."  Can you look at the signature page and tell us if that's your signature?
    A.    That appears to be my signature, yes.

(Tr. 886-87.)

    Mr. Dillon testified that the signatures on these *pages* of the exhibits as offered by the
defense appeared to be his, but that he did not sign the *documents* as offered by the defense;
indeed, he testified that he did not see the entire *documents* as offered by the defense at trial until
years after the defense was claiming he signed them.  In other words, as Mr. Dillon testified, the
entire document was never presented for his review and signature.  Based in part on Mr. Dillon's
testimony, as well as on substantial additional evidence and common sense, the government
argued that these documents were not authentic as presented by the defense at trial.

    Defendant's second claim is that the Court failed to consider an argument that defendant
did not make until seeking leave for "reconsideration."  First, the Court has ruled that Mr. Dillon
identified the signatures on the exhibits as his own.  Thus, if forensic testing confirmed that, as

GOVT. OBJ. TO MOT. FOR LEAVE TO FILE MOT. FOR RECONSIDERATION;
CR 10-0547 CRB                                                                2

the defense suggests, of course it would not be a basis for an obstruction enhancement. Second, the defense excerpts just a portion of one sentence out of one paragraph of the Probation Officer's rationale in support of the obstruction of justice enhancement. The Probation Officer's justification in support of that enhancement, however, is three full paragraphs and relies on the following: (1) defendant produced false documents to the SEC; (2) defendant lied under oath during his deposition in the SEC proceedings; and (3) defendant created false documents and produced them at trial and in civil litigation. For example, the Probation Officer notes that during a deposition taken by the SEC, defendant stated the following: (1) it was Mr. Dillon's idea to purchase Ecast shares; (2) defendant had no idea Mr. Dillon's investment was in any way on behalf of Vanguard; (3) anyone who asked for an Ecast stock certificate received one; (4) defendant never told Mr. Dillon or anyone in the Dillon Group that Ecast was being acquired by Microsoft; and (5) defendant never told anyone to whom he sold Ecast shares that Ecast was an acquisition target of any public company or in merger negotiations with any public company or that he would buy back Ecast shares. Draft PSR, ¶¶ 27—29. The Court also will recall other fraudulent documents, such as the exhibit discussed with witness Sam Mills upon which the government used a series of red arrows to highlight all the signature discrepancies. Forensic testing of Mr. Dillon's signature on three exhibits, therefore, is far from a "dispositive legal argument"; it is no argument at all.

In essence, defendant obtained the relief he purportedly seeks—reconsideration—by filing a 5-page submission full of argument after 5:00 p.m. today, the evening before a hearing on his motion for another continuance of sentencing. For the reasons set forth in this response, and those set forth during oral argument on defendant's first motion for release of the original exhibits and in the Court's order denying that motion, the government respectfully requests that the Court deny defendant's motion for leave to file a motion for reconsideration.

DATED: March 20, 2012				Respectfully submitted,

				MELINDA HAAG
				United States Attorney
				 /s/ _____
				W. DOUGLAS SPRAGUE
				HALLIE MITCHELL
				Assistant United States Attorneys

GOVT. OBJ. TO MOT. FOR LEAVE TO FILE MOT. FOR RECONSIDERATION;
CR 10-0547 CRB					3