United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　Plaintiff,<br><br>　v.<br><br>SAMUEL COHEN,<br><br>　　　Defendant.　　　　　　　　／ | No. C 10-00547 CRB<br><br>**ORDER DENYING MOTION TO STAY HABEAS BRIEFING** |

　　　The government has filed a motion to stay habeas briefing until the Ninth Circuit resolves Defendant Samuel Cohen's appeal of this Court's denial of his motion for a new trial and his motion for recusal. See generally Mot. (dkt. 472). Defendant does not oppose the motion. See Notice of Non-Opposition (dkt. 473). Notwithstanding the parties' agreement, the Court DENIES the motion as it would cause needless delay.

　　　The government's motion relies on Ninth Circuit authority holding that a habeas case should "not be entertained if there is a pending appeal in good standing, since disposition of the appeal may render the motion unnecessary." Id. at 2 (citing Black v. United States, 269 F.2d 38, 41 (9th Cir. 1959), cert. denied, 361 U.S. 938 (1960)). But Black pertained, and most of the cases relying on Black pertain, to pending appeals of the criminal conviction itself. See Black, 269 F.2d at 40 (Black filed appeal but had not perfected it); see, e.g., Feldman v. Henman, 815 F.2d 1318, 1320 (9th Cir. 1987); United States v. Taylor, 648 F.2d

565, 567 (9th Cir. 1981).[1]  Defendant has already appealed his conviction.  See Notice of Appeal (dkt. 391) (Defendant appealed "all pretrial, trial, post-trial and sentencing findings, rulings, and orders of the trial court in his criminal case").  That conviction was upheld by the Ninth Circuit.  See USCA Orders (dkts. 433-35).  And the Supreme Court denied Defendant's petition for a writ of certiorari.  See USCA Order (dkt. 444).

What is on appeal in this case is not Defendant's conviction, but the denial of two collateral motions filed some three years after Defendant's guilty verdict, both of which were utterly meritless.  The motion for a new trial, which promised "[n]ewly discovered evidence [which] undermines every aspect of the prosecution against Samuel 'Mouli' Cohen," Mot. for New Trial (dkt. 446) at 1, in fact relied on (1) documents which the government represents without contradiction that it produced sixteen months before Defendant's trial,[2] Response to New Trial Mot. (dkt. 453) at 4, and (2) the declaration of a new witness of dubious credibility whose statements, even if believed, would not contradict the substantial evidence of Defendant's false statements.  The motion for recusal, brought late[3] and based on the notion that the Court was somehow biased in favor of Hari Dillon, one of the witnesses in Defendant's trial, because of the Court's prosecution of Mr. Dillon over forty years ago, was

---

[1] In Kohl v. United States, 990 F.2d 1258, at *1 (9th Cir. 1993), the Ninth Circuit also applied the rule to a habeas petition when the pending appeal was from the denial of an earlier habeas petition.

[2] Defendant responded to this news by requesting, in February 2015, a continuance to investigate whether "the primary new evidence at issue—three exhibits—was turned over to the defense before trial.  If correct, this vital evidence could not form the basis for the motion."  First Mot. to Continue (dkt. 454) at 3.  In March 2015, Defendant sought and received a second continuance to investigate "whether the defense received the exhibits as described by the government," adding that "if the government's assertions are correct, the defense would likely withdraw the motion for new trial and the motion to recuse would therefore become moot."  Second Mot. to Continue (dkt. 456) at 3.  When Defendant requested a third continuance, in May 2015, promising, "As before, if the government's assertions are correct, the defense would likely withdraw the motion for new trial and the motion to recuse would therefore become moot," Third Mot. to Continue (dkt. 459), the Court denied.  The Court explained at the motion hearing: "I know that you've asked for a continuance of this matter, but I don't think it's appropriate, after six months, to give you a continuance to make a determination whether there's something else out there that you claim is newly discovered.  The reason is, that the motion—which has a three-year limitation—really relates to some discovery of new evidence within the three years.  That's the point of the motion."  Tr. (dkt. 469) at 13.  The Court further noted that there was no evidence to refute the government's assertion that the supposedly new documents Defendant relied on were in fact not new.  Id.

[3] See Preston v. United States, 923 F.2d 731, 733 (9th Cir. 1989) (recusal motion must be brought reasonably promptly "after the ground for such a motion is ascertained").

2

just as weak.  Far from being lenient with Mr. Dillon, the Court imposed a sentence on Mr. Dillon that was 25% greater than what the government recommended.  Response to Recusal Mot. (dkt. 452) at 5-6.  No reasonable person could question the Court's impartiality as to Mr. Dillon.

Even where a Defendant has a direct appeal pending, that appeal "does not render . . . the district court without jurisdiction to entertain" a habeas motion.  See United States v. Hill, 908 F.2d 978, at *1 (9th Cir. 1990); Taylor, 648 F.2d at 572 ("The general rule of forbearance is not, however, a jurisdictional impediment."); see also Rules Governing § 2255 Proceedings for the United States District Courts, Rule 5, Adv. Comm. Notes ("We are of the view that there is no jurisdictional bar to the District Court's entertaining a Section 2255 motion during the pendency of a direct appeal but that the orderly administration of criminal law precludes considering such a motion absent extraordinary circumstances.").  Here, where Defendant has appealed two such baseless motions so long after trial, the Court will not exercise forbearance.  The motion to stay habeas briefing is DENIED.  The government shall file its answer to the Petition within sixty (60) days of this Order; Defendant may file a traverse, if he wishes to do so, within thirty (30) days of his receipt of the answer.

**IT IS SO ORDERED.**

Dated: June 24, 2015

CHARLES  R. BREYER
UNITED STATES DISTRICT JUDGE