IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>SAMUEL COHEN,<br><br>    Defendant.<br>_____/ | No. CR 10-00547 CRB<br><br>**ORDER DENYING COHEN'S APPLICATION FOR EXTENSION OF TIME AND SETTING HEARING ON STRIPLING'S PETITION** |

Before the Court are Defendant Samuel Cohen's Application for Extension of Time to Assert Interest in Forfeited Property ("App.") (dkt. 492) and Petitioner Stacy Stripling's Petition for an Ancillary Hearing ("Pet.") (dkt. 491).[1]

As set forth below, the Court DENIES Cohen's Application and GRANTS Stripling's Petition. Stripling's ancillary hearing is set for October 13, 2015 at 2:00 p.m.

**I. BACKGROUND**

On November 9, 2011, a jury convicted Cohen of multiple counts of wire fraud, money laundering, and tax evasion. See Verdict (dkt. 289). Evidence at trial established that Cohen derived approximately $31,422,403.06 from the offenses for which he has been convicted. See Order (dkt. 381). On April 30, 2012, the Court sentenced Cohen and ordered

---

[1] On July 17, 2015, the Court granted, without discussion, Cohen's and Stripling's applications for extension of time to assert interest in forfeited property. See Order Regarding Continuance (dkt. 484); Cohen First App. (dkt. 480); Stripling App. (dkt. 481).

a money judgment against him in the amount of $31,422,403.06 and forfeiture of One 2005 Jaguar Super V8, VIN #SAJWA82B55TG46178.  See Sent. (dkt. 383); Order.

On May 7, 2012, the United States moved to forfeit the contents of property held in storage as part of Cohen's bail package (hereinafter the "contents of the storage lockers") to apply toward the forfeiture money judgment.  See Mot. (dkt. 386).  Cohen valued the contents of the storage lockers at $806,292.30.  See Prop. Bail Package (dkt. 164, Ex. C).  Cohen filed an opposition on May 8, 2012.  See Cohen Opp. (dkt. 394).  The Court held a hearing as to the forfeiture of the storage lockers on June 20, 2012, and overruled Cohen's objections.  See Minutes of 6/20/2012 Hearing (dkt. 413).  On July 6, 2012, this Court ordered the contents of the storage lockers forfeited as substitute assets "pending the conclusion of any third-party proceedings which may be conducted in this matter pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure and 21 U.S.C. § 853."  See Forfeiture Order (dkt. 419).  On June 1, 2015, the government filed its Notice of Disposal of aforesaid forfeited property.  See Notice (dkt. 466).

Both Cohen and Stripling seek relief regarding the forfeited property at issue.  Cohen claims that some of the forfeited property–his religious books and materials, family photos, clothes, educational records, legal documents, taxation and other records–are not subject to forfeiture because they are not fruits of his "ill-gotten gains" and are not traceable to property tainted by his wrongdoing.  See Cohen First App.  The government filed an opposition to Cohen's application, arguing that Cohen is prohibited from filing a petition in an ancillary proceeding to challenge forfeiture, which is reserved for third party petitioners, and that Cohen's only opportunity to challenge the forfeiture order was his opposition to the forfeiture back in 2012, which he lost.  See Gov't Opp. (dkt. 485).

Petitioner Stripling requests that the Court hold a hearing ancillary to the criminal conviction of Cohen to establish ownership of some of the forfeited property.  See Pet.  In a recent status report, the government stated its intention to take the deposition of Stripling, pursuant to 21 U.S.C. § 853(m), to determine the extent of Stripling's claimed interest and the circumstances of her claimed interest in the subject property.  See Stat. Rep. (dkt. 500).

## II. LEGAL FRAMEWORK

The criminal forfeiture statute, 21 U.S.C. § 853, and Federal Rule of Criminal Procedure 32.2 work in tandem to set forth the framework for assessing the validity of criminal forfeitures of property. United States v. Lazarenko, 575 F. Supp. 2d 1139, 1145 (N.D. Cal. 2008). Section 853 "paints in broad strokes the proper standards and procedures" governing seizure of property subject to criminal forfeiture. Id.

According to Section 853, the district court enters a preliminary order of forfeiture as part of a defendant's sentence, and the United States must then publish notice of the order. See 21 U.S.C. § 853(n)(1); Fed. R. Crim. P. 32.2(b)(3). Federal Rule of Criminal Procedure 32.2, which "sets forth the procedure governing criminal forfeiture in greater detail," Lazarenko, 575 F. Supp. 2d at 1145, clarifies that as soon as practicable after a verdict or finding of guilty, the court must determine what property is subject to forfeiture under the applicable statute, Fed. R. Crim. P. 32.2(b)(1).

A forfeiture order, whether preliminary or final as to third-party claims, constitutes a final, appealable decision as the defendant. United States v. Bennett, 147 F.3d 912, 914 (9th Cir. 1998) ("We agree with the Sixth and Tenth Circuits that "a forfeiture order . . . is a final order as to the defendant."). The preliminary order becomes final as to the defendant at sentencing. Fed. R. Crim. P. 32.2(b)(3); Lazarenko, 575 F. Supp. 2d at 1145. It follows that "[a] preliminary order terminates all issues presented by the defendant and leaves nothing to be done except to enforce by execution what has been determined." United States v. Christunas, 126 F.3d 765, 768 (6th Cir. 1997).

The preliminary order may be entered without a "determination of the extent of the defendant's interest" in the property, Fed. R. Crim. P. 32.2 Advisory Committee's Note, even though a criminal forfeiture is valid only to the extent the property seized belongs to the defendant and not to innocent third parties, Lazarenko, 575 F. Supp. 2d at 1145–46; United States v. Nava, 404 F.3d 1119, 1124 (9th Cir. 2005). The preliminary order also is entered without regard to whether a third party has a valid interest in all or part of the property, as

3

third party claims must be adjudicated in a subsequent ancillary proceeding.  Fed. R. Crim. P. 32.2(b)(2).

Section 853(n) addresses the method for adjudicating a third party's interest in seized property.  Pursuant to Section 853(n)(6), third party petitioners may seek relief from the Court's preliminary or initial order of forfeiture by petitioning the Court to hold a hearing ancillary to the criminal conviction of the defendant.  The petitioner bears the burden of proving her right, title, or interest under Section 853(n)(6); Nava, 404 F.3d at 1125 ("Congress chose to place the burden of proof on the third-party during the ancillary proceeding, since the government would necessarily have carried its burden of proving that the defendant's interest in the property was subject to forfeiture during the criminal trial.").  The question of whether the criminal forfeiture of property was proper is not an issue subject to relitigation by third parties in an ancillary hearing, as the "sole legal issue before the court [in an ancillary proceeding] is the ownership interests of the competing parties."  Id. at 1124 (quoting United States v. McHan, 345 F.3d 262, 281 (4th Cir. 2003)).

A third party's petition asserting an interest in forfeited property must "set forth the nature and extent of the petitioner's right, title, or interest in the property, the time and circumstances of the petitioner's acquisition of the right, title, or interest in the property, any additional facts supporting the petitioner's claim, and the relief sought." 21 U.S.C. § 853(n)(3); Nava, 404 F.3d at 1125.  The petitioner may prevail only upon showing, by a preponderance of the evidence, that she possessed a vested or superior legal title, right, or interest in the property at the time the criminal acts took place, or that she was a bona fide purchaser for value.  21 U.S.C. § 853(n)(6); Nava, 404 F.3d at 1125.  In particular, the court would amend the order of forfeiture at the ancillary hearing only upon the petitioner's showing, by a preponderance of the evidence, that

> (A) the petitioner has a legal right, title, or interest in the property, and such right, title, or interest renders the order of forfeiture invalid in whole or part because the right, title, or interest was vested in the petitioner rather than the defendant or was superior to any right, title, or interest of the defendant at the time of the commission of the acts which gave rise to the forfeiture of the property under this section; or

4

> (B) the petitioner is a bona fide purchaser for value of the right, title, or interest in the property and was at the time of purchase reasonably without cause to believe that the property was subject to forfeiture under this section.

21 U.S.C. § 853(n)(6); Nava, 404 F.3d at 1125. Given that the function of ancillary hearings is to resolve third party claims of ownership of forfeited property, only a person "other than the defendant" may challenge forfeiture through such a proceeding. 21 U.S.C. § 853(n)(2).

**III. DISCUSSION**

### A. Cohen's Claimed Property Interest

Cohen's interest in the forfeited property was resolved by the Court's preliminary order of forfeiture, which became final as to Cohen at the time of his sentencing on April 30, 2012. See Fed. R. Crim. P. 32.2(b)(3); Lazarenko, 575 F. Supp. 2d at 1145; Sent. The ancillary proceeding authorized by Rule 32.2(c) concerns third-party interests. Fed. R. Crim. P. 32.2(c); United States v. Petrie, 302 F.3d 1280 (11th Cir. 2002). Defendant thus has no interest in the forfeited substitute assets.

Cohen asserts, however, that the contents of the storage lockers are not forfeitable because said property is property not involved in or traceable to the offense of conviction and is therefore "untainted property." See Cohen First App. This argument fails, however, because the contents of the storage lockers were forfeited as substitute assets in order to satisfy the money judgment entered against Cohen. See 21 U.S.C. § 853(p); McHan, 345 F.3d at 271 ("[Section 853(p)] seems to equate substitute property with tainted property when the tainted property has been placed beyond the reach of a forfeiture in that it (1) cannot be located, (2) has been transferred to a third party, (3) has been placed beyond the jurisdiction of the court, (4) has been substantially diminished in value, (5) has been commingled with other property so that it cannot be divided without difficulty."); Forfeiture Order (granting government's motion to forfeit contents of storage lockers as substitute assets).

The function of substitute assets under Section 853(p) is "to provide collateral for payment should forfeiture assets under Section 853(a) not be available to satisfy the judgment upon conviction of the defendant." United States v. Hyde, 287 F. Supp. 2d 1095, 1098 (N.D. Cal. 2003). Thus, unlike forfeiture under Section 853(a), "the precise identity of

5

the substitute property is not important." Id. What is important is the value of the substitute property. Id. Cohen has valued the substitute property at issue at $806,292.30, which is far less than the money judgment of $31,422,403.06. See Prop. Bail Package (dkt. 164, Ex. C). The precise contents of the storage lockers is of no concern to the Court, and thus forfeiture of such assets is proper in order to satisfy the money judgment entered against Cohen.

### B. Petitioner's Claimed Property Interest

Stripling asserts an interest in property forfeited in this case and thereby petitions the Court to hold an ancillary hearing for the purpose of establishing her legal right, title, and interest in such property. See Pet. Pursuant to Section 853(n) and Federal Rule of Criminal Procedure 32.2, Stripling may testify and present evidence of her claimed property interest in the forfeited assets at an ancillary hearing, and the government may present evidence and witnesses in rebuttal and in defense of its claim to the property and cross-examine witnesses who appear at the hearing. In the ancillary hearing, the Court may, on motion, dismiss the petition for lack of standing, for failure to state a claim, or for any other lawful reason. Fed. R. Crim. P. 32.2(c)(1)(A).

If, after the hearing, the Court determines that Stripling has established by a preponderance of the evidence that she possessed a vested or superior legal right, title, or interest in the property at the time the criminal acts took place, or that she was a bonafide purchaser for value of the right, title, or interest in the property, then the Court will amend the order of forfeiture in accordance with its determination. See 21 U.S.C. § 853(n)(6); see also Nava, 404 F.3d at 1125.

### IV. CONCLUSION

For the foregoing reasons, Cohen's Application for Extension of Time is DENIED and Stripling's Petition for an Ancillary Hearing is GRANTED. The government shall proceed with discovery pertaining to Stripling's claimed property interest in the forfeited

assets, pursuant to 21 U.S.C. § 853(m). Stripling's ancillary hearing is set for <u>October 13, 2015 at 2:00 p.m.</u>[2]

**IT IS SO ORDERED.**

Dated: September 18, 2015

CHARLES R. BREYER
UNITED STATES DISTRICT JUDGE

---

[2] The Court finds that an ancillary hearing within thirty days of the filing of Stripling's Petition is not practicable. <u>See</u> 21 U.S.C. § 853(n)(4).