IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>SAMUEL COHEN,<br><br>    Defendant.<br>_____/ | No. CR 10-00547 CRB<br><br>**ORDER:**<br>**(1) GRANTING APPLICATION FOR FURTHER EXTENSION OF TIME;**<br>**(2) GRANTING APPLICATION FOR ORDER TO FILE OVERSIZED BRIEF;**<br>**(3) DENYING MOTION TO ALTER OR AMEND** |

    Defendant Samuel Cohen's applications for a further extension of time to file a reconsideration motion (dkt. 597), and for permission to file an oversized brief (dkt. 598), are GRANTED. Cohen's Motion to Alter or Amend Judgment Pursuant to Federal Rule of Civil Procedure 59(e) (hereinafter "Mot."), filed as an attachment to the application for permission to file an oversized brief, is DENIED.

    Cohen's Motion argues that the Court erred in evaluating the arguments made in his Motion to Vacate, Set Aside, or Correct Sentence (dkt. 535) about his counsel's alleged failure to (1) investigate possible defense witnesses, (2) use/investigate the "cabal evidence,"[1] (3) retain a forensic document or handwriting expert as to the Dillon and Mills declarations,

---

[1] Cohen made a related argument about the "cabal evidence" in his third motion for a new trial. See Mot. for New Trial (dkt. 446) at 8–11. The Court rejected that argument, see Criminal Minutes of 5/20/2015 (dkt. 463), and the Ninth Circuit recently affirmed the Court's denial of Cohen's new trial motion, see United States v. Cohen, No. 15-10274, 2017 WL 1164430 (March 29, 2017).

and (4) retain a forensic document or handwriting expert as to the "Procinea evidence."[2] See generally Mot.  Cohen's Motion does not alter the Court's assessment of these arguments, nor persuade the Court that he has met the standard for Rule 59(e).  See McDowell v. Calderon, 197 F.3d 1253, 1255 (9th Cir. 1999) (en banc) (per curiam) ("A motion for reconsideration under Rule 59(e) should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law.") (internal quotation marks omitted; emphasis in original).  For the reasons provided in the Order, the Court will not alter or amend its judgment.  Cohen's ineffective assistance of counsel claims—the only claims that are the subject of this Motion—are fatally flawed because his counsel's representation was not deficient, and, even if it was, Cohen suffered no prejudice in light of the "tremendous amount of evidence" of his guilt.  See Strickland v. Washington, 466 U.S. 668 (1984); Order at 12–13.

**IT IS SO ORDERED.**

Dated: March 31, 2017

CHARLES R. BREYER
UNITED STATES DISTRICT JUDGE

---

[2] Cohen's Motion argues that "The Court's response conflates two sets of documents—one is the Declarations and Agreements signed by Dillon in 2004 and 2006. . . . Here the issue is the Procinea Agreements." Mot. at 26.  The Court's Order in fact addressed the two arguments separately. See Order Denying Motion to Vacate, Set Aside, or Correct Sentence (dkt. 574) (hereinafter "Order") at 9–15; id. at 22–23.